# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| **Janette Coss,** | ) | Case No. 22-09019 |
| | ) | |
| | ) | Judge Thorne |

## NOTICE OF MOTION

TO: Trustee via electronic court notice and to all creditors via the Section 341 Notice

YOU ARE HEREBY NOTIFIED that on September 28, 2022 at 10:30 am or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Judge Thorne, or any Judge sitting in his/her stead and present the Attorney's Application for Chapter 13 Compensation, a copy of which is hereby attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video,** use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is 160 9362 1728 with no passcode. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

                                                                                                                /s/ David H. Cutler

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he caused the above and foregoing Notice and attached Motion to be served Trustee by electronic court notice on September 7, 2022 and on all creditors via the Section 341 Notice.

                                                                                                                /s/ David H. Cutler

Cutler & Associates, Ltd.
4131 Main St.
Skokie, IL 60076
Phone: (847) 673-8600

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1: | Janette Coss<br>First Name  Middle Name  Last Name | Social Security number or ITIN: xxx–xx–3313<br>EIN: _ _ – _ _ _ _ _ _ _ | |
| Debtor 2:<br>(Spouse, if filing) | First Name  Middle Name  Last Name | Social Security number or ITIN: _ _ _ _<br>EIN: _ _ – _ _ _ _ _ _ _ | |
| United States Bankruptcy Court: | Northern District of Illinois | Date case filed for chapter: 13  8/10/22 | |
| Case number: | 22–09019 | | |

Official Form 309I

## Notice of Chapter 13 Bankruptcy Case

10/20

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Janette Coss | |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | 2507 Park Ave<br>North Riverside, IL 60546 | |
| 4. | **Debtor's attorney**<br>Name and address | David H Cutler<br>Cutler & Associates, Ltd.<br>4131 Main St.<br>Skokie, IL 60076 | Contact phone 847–673–8600<br>Email: cutlerfilings@gmail.com |
| 5. | **Bankruptcy trustee**<br>Name and address | Marilyn O Marshall<br>224 South Michigan Ste 800<br>Chicago, IL 60604 | Contact phone 312–431–1300 |
| 6. | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | Eastern Division<br>219 S Dearborn<br>7th Floor<br>Chicago, IL 60604 | Hours open:<br>8:30 a.m. until 4:30 p.m. except Saturdays, Sundays and legal holidays.<br>Contact phone 1–866–222–8029<br>Date: 8/11/22 |

**For more information, see page 2**

Official Form 309I  Notice of Chapter 13 Bankruptcy Case  page 1

Debtor **Janette Coss**   Case number **22-09019**

| | | | |
|---|---|---|---|
| **7. Meeting of creditors**<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **September 8, 2022 at 12:00 PM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.<br><br>**Debtors must bring a picture ID and proof of their Social Security Number**. | | **Location:**<br>**Appear by Zoom. For instructions,, visit www.chi13.com** |
| **8. Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:**<br><br>**You must file:**<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or<br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | | **Filing deadline: 11/7/22** |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | | **Filing deadline: 10/19/22** |
| | **Deadline for governmental units to file a proof of claim:** | | **Filing deadline: 2/6/23** |
| | **Deadlines for filing proof of claim:**<br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br>If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** | 30 days after the *conclusion* of the meeting of creditors |
| **9. Filing of plan** | The debtor has filed a plan. The plan is enclosed. The hearing on confirmation will be held on:<br>**9/28/22** at **10:30 AM** , Location: **Appear Using Zoom for Government, Judge Thorne. To appear by video, use this link: https://www.zoomgov.com/ or to appear by telephone, call Zoom for Government at 1–669–254–5252 or 1–646–828–7666. Then enter the meeting ID 160 9362 1728 and no passcode needed.**<br><br>**The Disclosure of Compensation has been filed. The attorney for the debtor is requesting fees of $ 4500.00**<br>Objections to confirmation of the Plan shall be filed at least 7 days prior to the confirmation hearing. If there are no objections, the Court may confirm the plan and allow fees requested by debtor's counsel to be paid through the plan. | | |
| **10. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | | |
| **11. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. | | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at https://pacer.uscourts.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. | | |
| **13. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion by the deadline. | | |

Official Form 309I     Notice of Chapter 13 Bankruptcy Case     page 2

United States Bankruptcy Court

Northern District of Illinois

| | |
|---|---|
| In re: | Case No. 22-09019-DLT |
| Janette Coss | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0752-1 | User: admin | Page 1 of 2 |
| Date Rcvd: Aug 11, 2022 | Form ID: 309I | Total Noticed: 9 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 13, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Janette Coss, 2507 Park Ave, North Riverside, IL 60546-1536 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| aty | | Email/Text: cutlerfilings@gmail.com | Aug 11 2022 22:12:00 | David H Cutler, Cutler & Associates, Ltd., 4131 Main St., Skokie, IL 60076 |
| tr | + | Email/Text: courtnotices@chi13.com | Aug 11 2022 22:12:00 | Marilyn O Marshall, 224 South Michigan Ste 800, Chicago, IL 60604-2503 |
| ust | + | Email/Text: USTPREGION11.ES.ECF@USDOJ.GOV | Aug 11 2022 22:12:00 | Patrick S Layng, Office of the U.S. Trustee, Region 11, 219 S Dearborn St, Room 873, Chicago, IL 60604-2027 |
| 29873864 | + | EDI: GMACFS.COM | Aug 12 2022 02:13:00 | Ally Financial, Attn: Bankruptcy, Po Box 380901, Bloomington, MN 55438-0901 |
| 29873865 | + | Email/Text: BKBCNMAIL@carringtonms.com | Aug 11 2022 22:12:00 | Carrington Mortgage Services, Attn: Bankruptcy, 1600 South Douglass Road, Stes 110 & 200, Anaheim, CA 92806-5948 |
| 29873866 | | Email/Text: rev.bankruptcy@illinois.gov | Aug 11 2022 22:12:00 | Illinois Department of Revenue, PO Box 19035, Springfield, IL 62794-9035 |
| 29873867 | + | EDI: IRS.COM | Aug 12 2022 02:13:00 | Internal Revenue Service, PO Box 7346, Philadelphia, PA 19101-7346 |
| 29873868 | + | Email/Text: bnc@nordstrom.com | Aug 11 2022 22:12:31 | Nordstrom FSB, Attn: Bankruptcy, Po Box 6555, Englewood, CO 80155-6555 |

TOTAL: 8

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains**

District/off: 0752-1 | User: admin | Page 2 of 2
Date Rcvd: Aug 11, 2022 | Form ID: 309I | Total Noticed: 9

**the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 13, 2022          Signature:    /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 11, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| David H Cutler | on behalf of Debtor 1 Janette Coss cutlerfilings@gmail.com r48280@notify.bestcase.com |
| Marilyn O Marshall | courtdocs@chi13.com |
| Patrick S Layng | USTPRegion11.ES.ECF@usdoj.gov |

TOTAL: 3

Form 13-9 (20200101)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re:<br>Janette Coss,<br><br><br><br><br><br>Debtor(s) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case Number: 22-09019<br><br>Chapter: 13<br>Honorable Deborah L. Thorne |

**ATTORNEY'S APPLICATION FOR CHAPTER 13 COMPENSATION UNDER
THE COURT-APPROVED RETENTION AGREEMENT**
(Use for cases filed on or after April 20, 2015)

The undersigned attorney seeks compensation pursuant to 11 U.S.C. § 330(a)(4)(B) and the **Court-Approved Retention Agreement** executed by the debtor(s) and the attorney, for representing the interests of the debtor(s) in this case.

**Use of Court-Approved Retention Agreement:**

The attorney and the debtor(s) have entered into the Court-Approved Retention Agreement.

**Attorney Certification:**

The attorney hereby certifies that:

1. All disclosures required by General Order No. 11-2 have been made.

2. The attorney and the debtor(s) have either:

    (i) not entered into any other agreements that provide for the attorney to receive:

    a. any kind of compensation, reimbursement, or other payment, or

    b. any form of, or security for, compensation, reimbursement, or other payment that varies from the Court-Approved Retention Agreement; or

    (ii) have specifically discussed and understand that:

    a. the Bankruptcy Code may require a debtor's attorney to provide the debtor with certain documents and agreements at the start of the representation;

    b. the terms of the Court-Approved Retention Agreement take the place of any conflicting provision in an earlier agreement;

    c. the Court-Approved Retention Agreement cannot be modified in any way by other agreements; and

    d. any provision of another agreement between the debtor and the attorney that conflicts with the Court-Approved Retention Agreement is void.

Form 13-9 (20170105)

**Compensation sought for services in this case pursuant to the Court-Approved Retention Agreement:**

$ 4,500.00  flat fee for services through case closing

**Reimbursement sought for expenses in this case:**

$     0.00  for filing fee paid by the attorney with the attorney's funds

$    25.00  for other expenses incurred in connection with the case and paid by the attorney with the attorney's funds (itemization must be attached)

$    25.00  Total reimbursement requested for expenses.

**Funds previously paid to the attorney by or on behalf of the debtor(s) in the year before filing this case and not reflected in or related to the Court-Approved Retention Agreement:**

☒ None

A total of  $              .

Date of Application: 09/07/2022        Attorney Signature  /s/David H. Cutler

Form 13-8

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

COURT-APPROVED RETENTION AGREEMENT
(for cases filed on or after March 15, 2021)

This agreement describes the rights and duties of debtors and their lawyers in Chapter 13 bankruptcy cases in the Northern District of Illinois. The debtor and lawyer must enter into this agreement for the lawyer to receive a flat fee of $__4,500.00__ as compensation in the case. By signing this agreement, the debtor and lawyer agree to do everything this agreement requires.

**DO NOT sign this agreement unless you have read it and understand it.**

This agreement replaces any conflicting agreement between the debtor and the lawyer. If any provision of another agreement conflicts with this agreement, the lawyer will not be awarded a flat fee as compensation in the case.

The lawyer must perform all tasks reasonably necessary for the bankruptcy case. Performance of those tasks is a condition of receiving the flat fee. The lawyer may not charge any other fees for representing the debtor in the case. The sole exception, explained below, is representation of the debtor in certain lawsuits in the bankruptcy case known as adversary proceedings.

**1.      Duties of the Debtor and the Lawyer**

   **A.      Counseling Before Filing a Bankruptcy Case**

Before a bankruptcy case is filed, the debtor must provide financial and other information to the lawyer. The lawyer must evaluate the information and advise the debtor whether filing a bankruptcy case is appropriate, and if so, under which chapter of the Bankruptcy Code. The lawyer must explain the advantages and disadvantages of filing a bankruptcy case.

If filing a chapter 13 bankruptcy case is appropriate, the lawyer must explain how and when attorneys' fees will be paid.

   **B.      Documents for the Case**

The lawyer or a member of the lawyer's staff must prepare all the documents required to be filed in the bankruptcy case. The debtor must provide all information the lawyer or a member of the lawyer's staff requests to prepare the documents. Failure to provide requested information will make it difficult or impossible for the lawyer to file the case or to represent the debtor once the case is filed. The lawyer must review each document with the debtor, who must approve and sign the documents.

   **C.      Representation of the Debtor throughout the Case**

The lawyer must represent the debtor at the § 341 meeting of creditors and in all court hearings. The lawyer must prepare and file all motions necessary for the case and must represent the debtor on all other motions that affect the debtor's interests.

The lawyer must examine all claims creditors file in the case and must object to claims if appropriate.

The lawyer must be available to answer the debtor's questions about the case and must answer them in a timely manner.

The debtor must notify the lawyer of any significant change in the debtor's circumstances, such as the loss of a job or the proposed purchase or sale of a home or car. The debtor must also notify the lawyer of any change in the debtor's address, phone number, or email address.

If the debtor and the lawyer decide that the case should be converted to a case under chapter 7, the lawyer must file the notice of conversion.

The lawyer must file and represent the debtor in adversary proceedings for turnover of property of the bankruptcy estate.

**2. Attorneys' Fees and Expenses**

**A. Flat Fee for Attorneys' Fees**

The lawyer may charge a flat fee for all services required in this agreement. The flat fee may not exceed the amount permitted by the court when the case is filed.

The flat fee does not cover:

- representing the debtor in adversary proceedings other than for turnover of estate property

- representing the debtor in the chapter 7 case, if the case is converted to chapter 7

- representing the debtor in appeals

The debtor and the lawyer can negotiate an additional fee for representation in adversary proceedings not included in the flat fee and for representation in a chapter 7 case if the case is converted.

**B. Expenses**

The lawyer may also charge the debtor for certain actual, necessary expenses incurred in representing the debtor as permitted in this paragraph. These expenses are in addition to the flat attorney's fees. The court must approve all expenses.

The lawyer may charge the debtor for the following expenses:

- Court filing fees

- Fees charged by a credit reporting agency for a credit report

- Copying and postage charges as follows:

    1. A flat fee not to exceed $25 for all copying and postage charges in the case. The copying and postage charges need not be itemized

2

<u>or</u>

      2.      The actual amount of postage and copying costs (no more than $0.10 per page) incurred in the case. The itemization must state (a) the number of copies and the dates when the copies were made, and (2) the dates and amounts of postage charges incurred.

- Fees charged by the IRS or other taxing authorities to obtain tax returns

- Other actual, necessary expenses, but only if the lawyer submits to the court an itemization of the expenses with supporting copies of invoices or other documents

The lawyer may not charge the debtor for an outside service that serves documents filed in the bankruptcy case.

### C. Advance Payment to the Lawyer

The lawyer and the debtor must agree on whether the debtor will pay any or all of the attorneys' fee owed for the case before it is filed.

If the debtor makes a payment before the case is filed, the payment will be treated as an advance payment retainer.

The lawyer must explain to the debtor how an advance payment retainer is treated. The lawyer will not hold the retainer in a client trust account and it will become property of the lawyer upon payment. The special purpose of the advance payment retainer is that it permits the lawyer to be paid for essential work that must be performed before the court can consider the lawyer's fee application. The lawyer is not required to keep detailed time records because this is a flat fee agreement. The lawyer need not refund any portion of the advance payment if work is not performed, unless the court orders the lawyer to do so.

### D. Payment of the Balance during the Case

Attorneys' fees not paid before the case is filed will be paid to the lawyer by the trustee out of the debtor's plan payments. The debtor may not pay the lawyer directly after the case is filed.

The debtor's Chapter 13 plan may not provide for current monthly payments to secured creditors that are other than in equal amounts. The lawyer may not file a Chapter 13 plan for the debtor in which payments to a secured creditor are set at an amount that accelerates payments to the lawyer.

### E. Additional Fees in Extraordinary Circumstances

In extraordinary circumstances, the lawyer may apply to the court for additional compensation. The application must be accompanied by an itemization of the services rendered.

## 3. Coverage Counsel

### A. Disclosure of the Practice

3

If the debtor's lawyer has a practice of using other lawyers not employed at the same firm to perform any of the lawyer's obligations under this agreement, he must disclose that practice to the debtor before the debtor signs the agreement.

B.   **Identifying Coverage Counsel**

If the debtor's lawyer asks another lawyer not employed at the same firm to represent the debtor at the meeting of creditors or at any court appearance, the debtor's lawyer must notify the debtor in advance and must provide the name of the lawyer who will represent the debtor.

C.   **Providing Information to Coverage Counsel**

If the debtor has information to give the other lawyer for the meeting of creditors or for a court appearance, the debtor must give that information to the debtor's lawyer. The debtor's lawyer must then promptly forward the information to the lawyer representing the debtor at the meeting or in court.

4.   **Dismissal or Conversion of the Case**

If the bankruptcy case is dismissed or converted to another chapter before all plan payments have been made, the attorneys' fees paid to the lawyer are not refundable, unless the court orders the fees refunded.

If the bankruptcy case is dismissed after the court has granted the lawyer's application for compensation, the lawyer will not enforce the order granting the application against the debtor for any unpaid fees or expenses.

5.   **Termination of this Agreement**

The debtor may terminate this agreement at any time. By terminating the agreement, the debtor ends the lawyer's representation. If the lawyer has not been paid in full when the agreement is terminated, the court may reduce the balance of attorneys' fees owed based on the services the lawyer provided before termination.

If the debtor terminates this agreement and hires another lawyer, the court may apportion the flat fee between the lawyers.

The lawyer may terminate this agreement only with court approval.

6.   **Amount of Attorneys' Fees and Expenses**

A.   **Attorneys' Fees:**

The debtor agrees to pay the lawyer a flat fee of $__4,500.00__ for the lawyer's services in the chapter 13 case.

B.   **Expenses:**

The estimated expenses for the case are:   $ __25.00__

These expenses are for:

4

|  |  |
|---|---|
| mailing and copying costs | $ 25.00 |
|  | $ 0.00 |
|  | $ 0.00 |
|  | $ 0.00 |
| **C. Total Fees and Estimated Expenses:** | $ 4,525.00 |
| Advance payment by debtor: | $ 0.00 |
| Balance owed by debtor: | $ 4,525.00 |

_____
**Janette Coss**
Debtor

_____
Debtor

Date: 08 / 09 / 2022

_____
David H. Cutler
Lawyer

Date: _____

5

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### Northern District of Illinois

In re  **Janette Coss**  
Debtor(s)

Case No.  
Chapter **13**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept     $  **4,500.00**  
   Prior to the filing of this statement I have received     $  **0.00**  
   Balance Due     $  **4,500.00**

2. $ **313.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ■ Debtor    ☐ Other (specify):

4. The source of compensation to be paid to me is:

   ■ Debtor    ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **August 10, 2022** | **/s/ David H. Cutler** |
| *Date* | **David H. Cutler** |
| | *Signature of Attorney* |
| | **Cutler & Associates Ltd** |
| | **4131 Main Street** |
| | **Skokie, IL 60076** |
| | **847-673-8600  Fax: 847-673-8636** |
| | **david@cutlerltd.com** |
| | *Name of law firm* |